## CHARLES H. MARR v. JAMES SHERRY.[1]

January 20, 1905.

Nos. 14,170—(211).

**Summoning Jury.**

Chapter 46, p. 54, Laws 1903, provides for the holding of a term of court on the fourth Monday of April and the first Monday in December of each year, and section 1 contains the following proviso: "Providing that no grand or petit jury shall be summoned for the April term of the year 1904, or for any April term thereafter, unless ordered by the court, as provided by law." *Held*, the discretion to summon a jury embraced the April term, 1904, as well as subsequent April terms.

Action in the district court for Benton county to recover from defendant $2,519.40, and interest, upon four promissory notes. The case was tried before Baxter, J., who directed a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Reynolds & Roeser* and *C. C. McCarthy*, for appellant.

*Stewart & Brower*, for respondent.

LEWIS, J.

Prior to the enactment of chapter 46, p. 54, Laws 1903, the law provided for a term of court each year in Benton county, which convened in December. Section 1 of the new law reads:

> That the general terms of the district court in and for the county of Benton, in the Seventh judicial district, in said state of Minnesota, shall be held upon the fourth Monday of April and upon the first Monday of December in each year, providing that no grand or petit jury shall be summoned for the April term of the year 1904, or for any April term thereafter unless ordered by the court, as provided by law.

Pursuant to this section, upon order of the district court, a jury was called for the April term, 1904, and this action was regularly upon the jury calendar. At the call of the calendar, defendant moved the

[1] Reported in 102 N. W. 220.

court to strike the case from the calendar of jury cases upon the ground that the law did not provide for the calling of a jury at that term. The motion was denied, the cause came on for trial, defendant declined to introduce any evidence upon the ground that the jury was improperly called, and a verdict was ordered for plaintiff. The trial court held that the proviso at the end of section 1, making the summoning of a petit jury discretionary, applied to the April term, 1904, as well as to all subsequent April terms, and the correctness of this construction is questioned.

This act was approved March 6, 1903, to be in force from and after its passage. Section 2 provided that the adjourned term of the district court, appointed to be held March 16, 1903, in Benton county, be adjourned until April 4, 1903, and a jury term was convened in December, 1903. While the language of the proviso is somewhat indefinite, we think it fairly appears that it was the legislative intent that the discretion to summon a jury embraced the April term of 1904, as well as subsequent April terms. It is true that this intent might have been more definitely expressed—as, for instance, providing that, unless ordered by the court, no grand or petit jury shall be summoned for the April terms. But having in mind the fact that the legislature in March, 1903, were enacting a law regulating the future control of judicial proceedings in Benton county, no reason occurs to us for prohibiting the submission of issues of fact to a jury at a term of court to be convened at a period more than one year in the future. It not appearing that there was any reason for limiting the power of the court, the language used in the proviso may fairly be held to express the intention to place the April term, 1904, on the same basis as the April terms of subsequent years. This is not a forced construction. It is in harmony with the general purpose to be accomplished, and our views are in accordance with those of the trial court.

Order affirmed.